91 F.3d 156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Enrique JUAREZ-MORENO, Defendant-Appellant.
 No. 96-30017.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, and SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Enrique Juarez-Moreno appeals his conviction following his conditional guilty plea to possession of heroin with intent to distribute and possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Juarez-Moreno contends that in denying his motion to suppress evidence, the district court erred by finding that he voluntarily consented to the warrantless search of two apartments. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 In reviewing the voluntariness of a suspect's consent to enter and to search a home, we consider whether under the totality of the circumstances, the government has shown that there was no duress or coercion, and that the consent was freely and intelligently given. United States v. Torres-Sanchez, 83 F.3d 1129-30 (9th Cir.1996); United States v. Shaibu, 920 F.2d 1423, 1426 (9th Cir.1990).
 
 
 4
 First, Juarez-Moreno contends that his consent to the entry of his apartment was involuntary because Officers Pat Kelly and Eric Schober persuaded him to open the door by answering, "Pat," when he asked who had knocked. This contention lacks merit; the officers' failure initially to identify themselves as police did not amount to coercion. See United States v. Bosse, 898 F.2d 113, 115 (9th Cir.1990) (per curiam) ("An officer may, consistent with the fourth amendment, conceal his or her identity to obtain an invitation to enter a suspect's home."); cf. United States v. Johnson, 626 F.2d 753, 757 (9th Cir.1980) (subterfuge in getting suspect to open door meant that he did not voluntarily expose himself to warrantless arrest), aff'd, 457 U.S. 537 (1982). After Juarez-Moreno opened the door, the officers identified themselves as police and then obtained his consent to enter. Thus, any ruse as to identity had ended by the time the officers sought consent to enter. See United States v. Garcia, 997 F.2d 1273, 1282 (9th Cir.1993).
 
 
 5
 Second, Juarez-Moreno contends that the officers coerced his consent because he acquiesced to their show of authority rather than knowingly waiving his right to refuse entry. This contention lacks merit because even though the officers identified themselves as police and did not inform Juarez-Moreno that he could refuse consent, they did not claim authority to enter nor make any show of force. See Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973) ("While knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the sine qua non of an effective consent."); United States v. Kim, 25 F.3d 1426, 1431 (9th Cir.1994) (coercion may be shown if police put defendant into custody, draw their guns or use other force, or claim authority to enter).
 
 
 6
 Finally, Juarez-Moreno contends that he did not voluntarily consent to the officers' entry into the apartment and to their subsequent searches for other persons and then for weapons and drugs because the officers concealed their intent. Juarez-Moreno argues that even though the officers said first that they wanted to speak to him and then that they wanted to conduct a protective sweep, their purpose from the beginning was to search for weapons and drugs. This contention lacks merit because the officers did not search for weapons and drugs until after Juarez-Moreno had consented to such a search. See Bosse, 898 F.2d at 115 (entry must be limited to purposes contemplated by suspect).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3